UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

        Plaintiff,

  -against-

GIBSON & CUSHMAN CONTRACTING, LLC
and H&L CONTRACTING, LLC,

        Defendants.
-----------------------------------------------------------X

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter "Plaintiff" or "Travelers"), by and through its attorneys, Lennon, Murphy & Phillips, LLC, as and for its Complaint against the Defendants, GIBSON & CUSHMAN CONTRACTING, LLC (hereinafter "Gibson"), and H&L CONTRACTING, LLC (hereinafter "H&L") (Gibson and H&L hereinafter collectively as "Defendants"), alleges, upon information and belief, as follows:

**INTRODUCTION**

1. This action is brought pursuant to 28 U.S.C. § 2201 and seeks a declaration of the rights, duties and obligations of the parties with respect to certain policies of marine insurance underwritten by Travelers and issued to either Gibson or H&L, which are listed below (hereinafter the "Travelers Policies):

> Marine General Liability:
> ZOL-15T35969-17-ND (Gibson & Cushman Contracting, LLC)
> ZOL-21N68482-17-ND (H&L Contracting, LLC)
>
> Hull and Protection & Indemnity:
> ZOH-81M55336-17-ND (Gibson & Cushman Contracting, LLC)
> ZOH-21N68501-17-ND (H&L Contracting, LLC)
>
> Excess Marine Liabilities:
> ZOX-71M54434-17-ND (Gibson & Cushman Contracting, LLC)

1

ZOX-31M5522A-17-ND (H&L Contracting, LLC).

The issue presented in this declaratory judgment action concerns Defendants' delay of more than five years in failing to provide Travelers with notice of claim about an injury to a construction worker named Mr. Ildo Lopes ("Lopes"). On October 10, 2017, Mr. Lopes was injured while sandblasting a bridge while standing upon scaffolding which itself was standing on an ocean-going barge. Defendants were either contractors or general contractors on that bridge-repair project. On March 1, 2019, Lopes, who was an H&L employee, sued Gibson in a lawsuit currently pending in New York Supreme Court, Suffolk County captioned *Lopes v. County of Suffolk and Gibson & Cushman Contracting, LLC*, Index No. 605044/2018 (hereinafter the "state court action"). On or about October 7, 2019, Gibson impleaded H&L into that lawsuit as a third-party defendant, but H&L was subsequently dismissed from the case by stipulation. Travelers did not receive notice of claim from Defendants (or either one of them) until March 31, 2023, which was *after* Lopes had already won summary judgment on the issue of liability on October 18, 2022. The trial, on damages only, against Gibson is scheduled to commence next month on or about May 11, 2023, *i.e.*, less than two weeks from now. On April 17, 2023, Travelers promptly issued its declination letter denying Defendants' claim.

2. A different insurer, named Allied World Assurance Company (hereinafter "Allied World"), has been defending Gibson in the state court action for more than four years under the terms of a commercial general liability policy that Allied World issued to H&L, policy number CGL 0310-344. On April 21, 2023, Allied World confirmed in writing to Gibson that Allied World would continue to defend Gibson in the state court action under a reservation of rights.

3. In this declaratory judgment case Travelers seeks an Order from this honorable Court declaring that it has no duty to defend and/or indemnify either of the Defendants under the

2

Travelers Policies on the basis of untimely and/or insufficient notice, including for the reasons articulated by Judge Carter in the strikingly similar case of *New York Marine and General Ins. Co. v. Travelers Prop. Cas. Co. of Amer.*, 485 F.Supp. 3d 398 (S.D.N.Y. 2020)(holding that N.Y. Ins. Law § 3420 does not apply in cases of marine insurance pursuant to § 3420(a)(5), and that New York common law's "no-prejudice" rule applies in cases involving untimely notice in the context of marine insurance policies). Alternatively, Travelers seeks an Order from this Honorable Court declaring that it has no duty to defend and/or indemnify under the Travelers Policies on the basis that it has been prejudiced because, *inter alia*, a court of competent jurisdiction had already adjudicated Gibson's liability by the time Travelers had received notice from Defendants.

## BACKGROUND

4. At all relevant times Travelers was and still is an insurance company and a citizen of the State of Connecticut with its principal place of business in Hartford, Connecticut.

5. At all relevant times Gibson was and still is a construction company and general contractor, organized and existing as a New York limited liability company, transacting business in the Eastern District of New York with its principal place of business in the Eastern District of New York.

6. At all relevant times H&L was and still is a construction company, organized and existing as a New York limited liability company, transacting business in the Eastern District of New York with its principal place of business in the Eastern District of New York.

7. This is an admiralty and maritime claim, and is hereby designated as such, within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure because this action involves a coverage dispute involving maritime contracts of marine insurance.

8. In addition to admiralty jurisdiction, subject matter jurisdiction exists on the alternative basis of diversity of citizenship under 28 U.S.C. § 1332 because Travelers and Defendants are citizens of different States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Lopes claims to have been injured on October 10, 2017, when he fell off scaffolding during a bridge restoration project. The County of Suffolk was the owner of the bridge, *i.e.*, the West Hampton Beach Lane bridge in South Hampton, New York. Gibson was the general contractor and construction manager. Lopes worked for H&L as a subcontracted painter. As alleged by Lopes in the state court action, Gibson failed to provide Lopes with scaffolding that was properly constructed or maintained and failed to provide safety equipment such as harnesses. Based on the summary judgment order issued in the state court action, on the date of the incident Lopes was sandblasting the bridge from atop a barge-mounted scaffold.

10. On March 1, 2019 Lopes filed suit against Gibson in the state court action. Three and a half years later, on September 20, 2022 Hon. Martha L. Luft, Acting Justice of the Supreme Court, State of New York for Suffolk County, granted Lopes' motion for summary judgment on the issue of liability.

11. On March 31, 2023, Mr. Stephan Buska of City Underwriting Agency requested that Travelers assume the defense and indemnification of Gibson. This was the first notice that Travelers received on behalf of either of the Defendants.

### **RELEVANT PROVISIONS IN THE TRAVELERS POLICIES**

12. The MGL policy provides in pertinent part as follows:

**12. INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT:**

(1) In the event of an "occurrence" or an offense, written notice containing particulars sufficient to identify the insured and reasonably obtainable information with respect to the time, place and circumstances thereto, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to this Company as soon as practicable;

(2) If "claim" is made or "suit" is brought against the insured, the insured shall immediately forward to this Company every demand, notice, summons or other process received in connection with the "claim" or "suit".

(3) The insured shall cooperate with this Company and, upon this Company's request, assist in making settlements, in the conduct of "suits" and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

13. The Protection and Indemnity form SP-23 (Rev. 1/56) provides as follows:

**GENERAL CONDITIONS AND/OR LIMITATIONS**

Warranted that in the event of any occurrence which may result in loss, damage and/or expense for which this Assurer is or may become liable, the Assured will use due diligence to give prompt notice thereof and forward to the Assurer as soon as practicable after receipt thereof, all communications, processes, pleadings and other legal papers or documents relating to such occurrences.

The Assured shall not make any admission of liability, either before or after any occurrence, which may result in a claim for which the Assurer may be liable. The Assured shall not interfere in any negotiations of the Assurer, for settlement of any legal proceedings in respect of any occurrences for which the Assurer is liable under this policy; provided, however, that in respect of any occurrence likely to give rise to a claim under this policy, the Assured are obligated to and shall take steps to protect their (and/or the Assurer's) interests as would reasonably be taken in the absence of this or similar insurance. If the Assured shall fail or refuse to settle any claim as authorized by the Assurer, the liability of the Assurer to the Assured shall be limited to the amount for which settlement could have been made.

Whenever required by the Assurer the Assured shall aid in securing information and evidence and in obtaining witnesses and shall cooperate with the Assurer in the defense of any claim or suit or in the appeal from any judgment, in respect of any occurrence as hereinbefore provided.

> The Assurer shall not be liable for the cost or expense of prosecuting or defending any claim or suit unless the same shall have been incurred with the written consent of the Assurer, or the Assurer shall be satisfied that such approval could not have been obtained under the circumstances without unreasonable delay, or that such costs and charges were reasonably and properly incurred, such cost or expense being subject to the deductible.

14. The Excess Marine Liabilities policy contains the following clauses:

**GENERAL CONDITIONS**

> 4. These Underwriters shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Assured, but these Underwriters shall have the right and shall be given the opportunity (without incurring any liability for costs or expenses thereof except as hereinafter provided) to associate with the Assured or the underwriters on the Primary Policies, or both, in defense and control of any claim, suit or proceeding which involves or appears likely to involve these Underwriters, in which event the Assured, the underwriters on the Primary Policies and these Underwriters shall cooperate in all matters in defense of such claim, suit or proceeding.
> . . . .
>
> 9. The Assured, upon knowledge of any occurrence likely to give rise to a claim hereunder, shall give prompt written or electronic notice thereof to these Underwriters.

## THE COURT SHOULD GRANT DECLARATORY JUDGMENT IN TRAVELERS' FAVOR BECAUSE DEFENDANTS' DELAY OF MORE THAN FIVE YEARS BREACHED THEIR OBLIGATION TO PROVIDE "PROMPT NOTICE"

15. For over five years, Travelers was denied the opportunity to investigate Lopes' injury claim, appoint defense counsel, manage and participate in decisions relative to the defense, select or manage experts, preserve evidence, or negotiate a potential settlement or resolution. At this late stage, Travelers has been irreparably prejudiced in myriad ways. For example, (1) late notice precluded the filing of a maritime Limitation of Liability Action which is required to be filed within six months of the claim notice, (2) Travelers was unable to participate in the opposition to Lopes' summary judgment motion as to liability, (3) Travelers was unable to participate in settlement negotiations, and (4) trial on the issue of damages is now imminent.

6

16. Regardless of prejudice, Defendants' failure to provide prompt notice, standing alone, warrants denial. Under New York Insurance Law § 3420, failure to provide prompt notice required by the policy "shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide timely notice has prejudiced the insurer." N.Y. Ins. Law § 3420(a)(5). However, § 3420 does not apply to the "kinds of insurances set forth in paragraph three of subsection (b) of section two thousand one hundred seventeen of this chapter." *Id.* at 3420(i). Section 2117(b) covers "marine insurance" including insurance "in connection with ocean going vessels". N.Y. Ins. Law. §2117(b)(3)(B). Travelers is a marine insurer in this matter and the Travelers Policies at issues are marine insurance policies. The barge involved was an ocean-going vessel. As such, the prejudice requirements of § 3420 do not apply to Travelers. *See, e.g.*, *New York Marine and General Ins. Co. v. Travelers Prop. Cas. Co. of Amer.*, 485 F.Supp.3d at 404.

17. Even if Travelers was required to establish prejudice, under New York law the prejudice that Travelers has suffered is "irrebuttable" since it did not receive notice until liability had already been determined. *See,* N.Y. Ins. Law § 3420(c)(2)(B) ("irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction"). *See also, Villavicencio v. Erie Ins. Co.,* 172 A.D.3d 1276 (2d Dept. 2019).

18. In this case, neither of the Defendants provided Travelers with prompt notice as they were required to do under the Travelers Policies. As such, Defendants have breached the Travelers Policies.

19. For these reasons, Travelers is entitled to declaratory judgment that it is not obligated to defend or indemnify Defendants under the Travelers Policies.

20. An actual and justiciable controversy exists between Travelers and Defendants concerning whether Defendants are entitled to either a defense or indemnity under the Travelers Policies.

**WHEREFORE,** Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, seeks a judgment declaring that pursuant to the terms of the Travelers Policies, it has no obligation to provide insurance coverage or a defense to GIBSON & CUSHMAN CONTRACTING, LLC and/or H&L CONTRACTING, LLC. Travelers further prays that the judgment grant it the costs and expenses of this action and such other relief as this Court may deem just and proper.

Dated: April 28, 2023

                                        Attorney for Plaintiff,
                                        TRAVELERS PROPERTY CASUALTY
                                        COMPANY OF AMERICA,

                                        _____
                                        Charles E. Murphy, Esq.
                                        LENNON MURPHY & PHILLIPS, LLC
                                        The Graybar Building
                                        420 Lexington Ave., Suite 300
                                        New York, New York 10170
                                        (212) 490-6070
                                        cmurphy@lmplaw.net