The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – Phone
(212) 490-6070 - Fax

1599 Post Road East
Westport, CT 06880
(203) 256-8600 – Phone
(203) 255-5700 - Phone
(203) 256-8615 – Fax
(203) 255-5702 - Fax



December 19, 2024

*Via ECF*
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:    ***Travelers Prop. Cas. Co. of Am. v. Gibson & Cushman Contracting, LLC et al.***
              **Case No.: 23-cv-03214(KAM)(AYS)**
              **Plaintiff and Defendants Joint Request For a Pre-Motion Conference**

Dear Judge Matsumoto:

       The Plaintiff, Travelers Property Casualty Company of America ("Travelers") and Defendants, Gibson & Cushman Contracting, LLC ("Gibson") and H&L Contracting, LLC ("H&L") (Gibson and H&L are collectively the "Insureds") write consistent with Your Honor's Individual Rule III(B) to request a pre-motion conference in anticipation of their joint motion to enforce a settlement agreement against intervenor-defendant Allied World Assurance Company (U.S.) Inc. ("Allied World").

## Relevant Facts

       As the Court is aware, this declaratory judgment action arises from a personal injury action pending in the Supreme Court of New York, Suffolk County styled *Ildo Lopes v. County of Suffolk and Gibson & Cushman Contracting, LLC*; Index No. 605044/2018 (the "Underlying Action"). On September 20, 2022, prior to Travelers being informed of the Underlying Action, Justice Luft granted Mr. Lopes summary judgment on the issue of liability. A damages inquest was held, and on Friday, November 22, 2022, the jury in the Underlying Action returned a verdict of $2,320,333.00 with interest accruing at 9% per year from September 20, 2022. In total, the verdict with interest is over $2.7 million. Gibson and Suffolk Count are jointly and severally liable to Mr. Lopes for the full verdict and any interest accrued thereon.

       In addition to the two Allied World policies it issued to the Insureds, Allied World also issued an insurance policy with a $1 million per occurrence limit to County of Suffolk that provides coverage for the Underlying Action.

Shortly after the jury verdict, on Monday, November 25, 2024, Mr. Eric Portuguese, Allied World's counsel of record, contacted Mr. Charles Murphy, Travelers' counsel of record seeking a contribution of $550,000.00 from Travelers towards the global settlement of Mr. Lopes' claims against Gibson and Suffolk County in exchange for a mutual release of any claims between Travelers and Allied World arising from the Underlying Action. Later that same day, Travelers agreed to the terms proposed by Mr. Portuguese. As these events were unfolding, Mr. Elliott Williams, Travelers' counsel, contacted Mr. Glenn Warmuth, the Insureds' counsel, seeking his agreement to waive any claims his clients may have had against Travelers arising from the Underlying Action to which Mr. Warmuth agreed on the understanding that Allied World, with Travelers' contribution, would fund any settlement or judgment in connection with the Underlying Action. Mr. Murphy contemporaneously confirmed the terms of the settlement agreement via email.

Simply put the terms of the settlement agreement are as follows:

- Travelers pays Allied World $550,000.00;
- Allied World is responsible for funding the remainder of any settlement or judgment entered in the Underlying Action;
- Allied World and the Insureds execute releases in favor of Travelers of any and all claims that have been, or could have been, asserted against Travelers in connection with its potential coverage obligations in connection with the Underlying Action; and
- Travelers separately execute releases in favor Allied World and the Insureds of any and all claims that have been, or could have been, asserted against Travelers in connection with the Underlying Action.

Unfortunately, on December 3, 2024, Mr. Portuguese emailed Mr. Murphy stating "As of now, there is no settlement. Ian Cooper is talking to our client about getting settlement authority from Allied World." To his credit, Mr. Portuguese did not take issue with Mr. Murphy's prior recitation of their discussions, but instead, appeared to aver that on November 25, 2024, he did not have actual authority to enter into the settlement agreement, notwithstanding that he believed he did. Travelers promptly responded to Mr. Portuguese "You asked me for [$550,000]. I took you at your word." (Exhibit 1). Whether Mr. Portuguese lacked actual authority is irrelevant because he, as Allied World's attorney, acted with apparent authority sufficient to bind his Allied World to the agreed upon terms.

### **Applicable Law**

"A settlement agreement is a contract that is interpreted according to general principles of contract law." *Wells v. City of N.Y.*, No. 16-CV-825 (KAM)(ST), 2019 U.S. Dist. LEXIS 44316, at *7 (E.D.N.Y. Mar. 18, 2019) (quoting *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007)). "A settlement . . .[,] once entered into[,] is binding and conclusive." *Wells*, 2019 U.S. Dist. LEXIS 44316 at *7 (quoting *Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir. 1989)). "**S**ettlement agreements are strongly favored in New York and may not be lightly cast aside." *Wells*, 2019 U.S. Dist. LEXIS 44316 at *7 (quoting *Willgerodt on Behalf of Majority Peoples' Fund for the 21st Century, Inc. v. Hohri*, 953 F. Supp. 557, 560 (S.D.N.Y. 1997), *aff'd sub nom. Majority Peoples'*

*Fund for 21st Century, Inc. v. Hohri*, 159 F.3d 1347 (2d Cir. 1998))."The actions of a party's attorney are generally imputed to the party." *Santiago v. Agadjani*, No. 21-CV-7090 (KAM)(CLP), 2024 U.S. Dist. LEXIS 181972, at *6 (E.D.N.Y. Oct. 4, 2024) (citing *United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976)); see also *Hillair Capital Invs., LP v. Smith Sys. Transp., Inc.*, 640 F. App'x 49, 52 (2d Cir. 2016)(Holding that a party's attorney "possessed, at a minimum, apparent authority to settle on behalf [of his client]" where the attorney appeared from the early stages of the litigation and filed pleadings on behalf of his client.). In this Circuit, "a court 'presume[s] that an attorney-of-record who enters into a settlement agreement,' purportedly on behalf of a client, had authority to do so.'" *Santiago*, 2024 U.S. Dist. LEXIS 181972, at *7 (quoting *Gomez v. City of New York*, 805 F.3d 419, 424 (2d Cir. 2015)). "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Wells*, 2019 U.S. Dist. LEXIS 44316 at *7 (quoting *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)).

Allied World and its attorneys do not refute that Attorney Portuguese presented a settlement offer to Travelers; that Travelers accepted Allied World's settlement offer; and that on the basis of the settlement between Allied World and Travelers, the Insureds agreed to a mutual release with Travelers. Instead, Allied World asserts that Mr. Portuguese lacked the authority to enter into the settlement agreement. Mr. Portuguese is the attorney who signed and filed Allied World's motions to intervene (ECF Nos. 24, 25, and 27). Mr. Portuguese, as Allied World's attorney, signed the stipulation permitting Allied World's intervention. (ECF No. 31). Mr. Portugues, as Allied World's attorney, signed and filed Allied World's Answer and Counterclaim against Travelers (ECF No. 33). Mr. Portuguese, as Allied World's attorney, moved for the pro hac vice admission of Ms. Alision Lippa and Mr. Ian Cooper (ECF Nos. 34 and 35). Mr. Portugues, as Allied World's attorney, appeared for a meet and confer in connection with Allied World's attempt to avoid its discovery obligations. On September 30, 2024, Mr. Portuguese, as Allied World's attorney, appeared for a hearing before Magistrate Judge Shields (ECF No. 53). The well-settled principles in this Circuit that a party's attorney of record acts with apparent authority, whose acts are imputed to their client, refute Allied World's position here. Here, Mr. Portuguese, one of Allied World's attorneys of record, made Travelers a settlement offer, which Travelers timely accepted. In turn, Travelers reached a settlement agreement with Allied World and the Insureds that would have the effect of terminating this matter and ensuring that Mr. Lopes is compensated for his injuries.

Now, Allied World is, yet again, attempting to avoid its contractual obligations. Allied World should not be permitted to do so, and the settlement agreement between the parties should be enforced. Travelers' confirmatory emails, to which Allied World has neither responded to, nor taken issue with, are attached hereto.

For the foregoing reasons, Travelers and the Insureds respectfully request this Court enter an order enforcing the settlement agreement as set forth above.

We thank the Court for its time and consideration.

Respectfully submitted,

_____
Charles E. Murphy
Elliott T. Williams
*Counsel to Plaintiff*
*Travelers Property Casualty*
*Company of America*

_____
Glenn P. Warmuth
*Counsel to Defendants*
*Gibson & Cushman Contracting LLC*
*and H&L Contracting LLC*